IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | Criminal No. 18-216 |
| | ) | |
| DANNY JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

**MEMORANDUM OPINION AND ORDER DENYING
APPLICATION FOR EMERGENT RELEASE ON CONDITIONS**

## I.      INTRODUCTION

On October 1, 2019, Defendant, Danny Jackson, changed his plea to guilty to Counts 1 and 2 of the Superseding Indictment charging him with conspiracy to possess and possession with intent to distribute and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine.  He currently is scheduled to be sentenced on April 27, 2020.   The nature of Defendant's offense is serious, and his agreed-upon term of imprisonment is significant.   Specifically, as set forth in the plea agreement, Defendant has agreed to a 10-year prison term for his plea of guilty to the two-count superseding indictment. [ECF No. 188].  Defendant now seeks review of the detention order and asks to be released to home confinement from the Allegheny County Jail, in which he currently is incarcerated pending sentence, on the grounds that his medical conditions (severe asthma and allergies), coupled with the current COVID-19 outbreak, place his health at risk.  [ECF No. 233].  The Government has filed a response opposing Defendant's motion.  [ECF No. 236].  After careful consideration of the submissions of both parties, and for the following reasons, Defendant's Motion is denied.

## II.    PROCEDURAL HISTORY

On July 18, 2018, United States Magistrate Judge Maureen P. Kelly issued a criminal complaint, at case No. 18-mj-953, charging Defendant with conspiracy to distribute more five or more kilograms of cocaine in violation of 21 U.S.C. § 846.  On July 24, 2018, Defendant waived his preliminary and detention hearings, and Magistrate Judge Lisa Pupo Lenihan entered a detention order.  [ECF Nos. 33, 34].  On August 15, 2018, the grand jury returned a two-count Indictment charging Defendant with one count of conspiracy to possess with intent to distribute and one count of possession with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii), in violation of 21 U.S.C. § 846.  [ECF No. 35].

On September 18, 2018, Defendant filed a Motion to Modify Conditions of Release, seeking release from detention.  [ECF No. 57].  In response, Magistrate Judge Robert C. Mitchell held a detention hearing on October 1, 2018.  [ECF No. 59].  Prior to the detention hearing, on September 26, 2018, the grand jury returned a Superseding Indictment adding a third alleged co-conspirator to the conspiracy charge at Count 1 of the case.  [ECF No. 75].  The charges against Defendant in the Superseding Indictment remained the same as the charges in the original Indictment.  See id,  At the conclusion of the October 1, 2018 detention hearing, Magistrate Judge Mitchell issued an Order of Detention denying Defendant's Motion and ordering his continued detention.  [ECF No. 89].  In support of his order, Magistrate Judge Mitchell cited several factors including:  (1) probable cause based upon indictment and testimony including recovery of over 5kg of cocaine and a large sum of cash; (2) strong likelihood of conviction; (3) conviction would require a lengthy mandatory minimum sentence of 20 years; (4) Defendant previously committed offenses while on supervision; and (5) Defendant's extensive criminal record including drug convictions.  Id. at 3.  One year later, on October 1, 2019, Defendant entered his 11(c)(1)(C) guilty plea to both counts of the

Superseding Indictment in this case. [ECF No. 188-1]. In the written plea agreement, the parties recommend a sentence of imprisonment of 10 years. Id. ¶ C3.

On March 21, 2020, Defendant filed the instant Application for Emergent Release on Conditions seeking release from custody due to the COVID-19 pandemic. [ECF No. 233].

III.     DISCUSSION

Because Defendant has pled guilty to his role in a drug conspiracy and is awaiting sentence, 18 U.S.C. § 3143 applies.[1]  18 U.S.C. § 3143(a)(2) provides that once a Defendant is found guilty of this offense, detention is presumed prior to sentence unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). In this case, subsections (A)(i) and (A)(ii) are plainly inapplicable, given that Defendant has pled guilty and the Government has not recommended that no sentence be imposed. Moreover, and in any event, I cannot find by clear and convincing evidence that Defendant does not pose a danger to any person or the community given the serious nature of the offense in this case and the lengthy agreed-upon sentence of 10 years imprisonment for a serious drug conspiracy.

Defendant invites me to speculate that COVID-19 is present or imminent in the Allegheny County Jail and, therefore, that his health conditions justify the extreme measure of releasing him to home detention pending sentence. I do not agree that such a release is warranted by the facts of this case, or the actual circumstances at the jail. Although I recognize the potential for exposure, that potential unfortunately exists anywhere in the community. Moreover, the Allegheny County Jail, along with this Court and all local authorities, have taken

---

[1] In his application for release, Defendant cites to 18 U.S.C. § 3142, which pertains to the release of a defendant pending trial. [ECF No. 233-4]. Because Defendant has pled guilty and is now pending sentencing, not trial, Section 3142 does not apply. Instead, as set forth above, Section 3143 is the applicable provision. Even if I were to consider the Section 3142 factors, defendant is not entitled to release for all of the reasons set forth in this order and in Magistrate Judge Mitchell's Order of Detention.

necessary steps and precautions to help stop the spread of COVID-19 among our local population, as well as the jail. Certainly, if I were to entertain this request, many other defendants would flood the courts with similar requests. I also must keep in mind the substantial burden that releasing Defendant and similarly-situated defendants would place on the U.S. Probation Office at a time when conditions already are not conducive to such monitoring. In fact, my colleagues, Senior District Judge Arthur J. Schwab and District Judge Nicholas Ranjan, recently have dealt with comparable motions, which also were denied in well-reasoned, thoughtful decisions. See United States v. Harris, Crim. No. 18-00152-AJS (ECF No. 986) (Mar. 20, 2020); United States v. Penney, et al., 2:19-cr-8-NR (ECF No. 1795) (Mar. 18, 2020); see also United States v. Davis, No. 19-604, Order (3d Cir. Mar. 20, 2020) (denying defendant's emergency motion for bail pending appeal due to COVID-19 and underlying medical conditions, with leave to renew if diagnosed with COVID-19).

In short and in sum, although Defendant's health conditions rightfully are of concern, and the COVID-19 pandemic is, as the Government describes, extraordinary, these factors do not outweigh the factors discussed above and considered initially by Magistrate Judge Mitchell in ordering that Defendant continue to be detained. Accordingly, I find that detention remains warranted and that Defendant's Application for Emergent Release on Conditions [ECF No. 233] is DENIED. Defendant's additional request that Exhibit A to his Motion be placed under seal is granted, and the Clerk of Court is ordered to seal Exhibit A [ECF No. 233-1] forthwith.

SO ORDERED, this 24th day of March, 2020:

BY THE COURT:

_Donetta F. Ambrose_
_____
Donetta W. Ambrose
United States Senior District Judge

4