IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal No. 18-216 |
| ) | |
| DANNY JACKSON, ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

### MEMORANDUM OPINION AND ORDER

On March 21, 2020, Defendant filed an Application for Emergent Release on Conditions seeking release to home confinement from the Allegheny County Jail ("ACJ"), in which he currently is incarcerated pending sentence, on the grounds that his medical conditions (severe asthma and allergies), coupled with the current COVID-19 outbreak, place his health at risk. [ECF No. 233]. The Government filed a response opposing Defendant's motion. [ECF No. 236]. After careful consideration, I denied Defendant's Motion on March 24, 2020. [ECF No. 237].

On May 1, 2020, Defendant filed a Motion for Reconsideration of the March 24, 2020 Order "due to the ongoing Covid-19 pandemic and his vulnerability to the virus while being housed in the ACJ." [ECF No. 242]. The Government filed a Response in Opposition to the motion for reconsideration on May 8, 2020. [ECF No. 245]. On May 12, 2020, Defendant filed a Reply. [ECF No. 247]. The Motion for Reconsideration is now ready for review.

### Standard of Review

Although not specifically provided for in the Federal Rules of Criminal Procedure, "[m]options for reconsideration may be filed in criminal cases." United States v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003); United States v. Bennett, 514 F. App'x 151, 153-54 (3d Cir. 2013). Courts apply the same standards to motions for reconsideration filed in a criminal case as those used in the civil context. The Court of Appeals for the Third Circuit has held that a Motion for

Reconsideration will be granted only if the moving party can demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A litigant, however, is not entitled to obtain reconsideration by disavowing the gravamen of his initial motion after it is denied. United States v. Bonfilio, No. CR 09-205, 2017 WL 118404, at *2 (W.D. Pa. Jan. 12, 2017) (a motion for reconsideration is not "an opportunity for a litigant, having lost, to change theories of the case and advance new, often contradictory, evidence in support" (citations omitted)). Motions for reconsideration are not designed to provide litigants a "second bite at the apple." Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).

Defendant here argues under the second ground – the availability of new evidence – in regard to his request for release under 18 U.S.C. § 3143(a). Specifically, he contends that release is now appropriate because, unlike at the time of his initial motion, the presence of Covid-19 is now confirmed in the ACJ despite the precautionary measures taken by jail authorities. He asserts that it "is obvious and without question" that inmates may be at a heightened risk of contracting Covid-19 considering an outbreak has developed and that the risk has grown exponentially since the denial of his first motion. [ECF No. 242]. Defendant asserts that "[b]ecause Covid-19 is now present inside the Allegheny County Jail, . . . because the virus is spreading daily, and because [Defendant] is a serious asthmatic with severe allergies, this motion for reconsideration follows." Id. at 4. Defendant further raises arguments that the Covid-19 pandemic coupled with his medical conditions warrant release for "compelling" and "exceptional" reasons under 18 U.S.C. §§ 3142(i) and 3145(c).

### Analysis

After careful review of the parties' submissions, Defendant's Motion for Reconsideration is denied. The only "new" evidence that Defendant cites is that there are now confirmed cases of Covid-19 at the ACJ and that these numbers have risen since the time of his original motion

for release. Although the Government does not dispute this fact, it correctly points out that the increase in cases of Covid-19 at the ACJ is not dissimilar to the increase of cases of Covid-19 in the general population of the United States. [ECF No. 245, at 4-5, and sources cited therein]. There is no evidence that Defendant's specific medical needs are not being addressed at the ACJ or that he is receiving substandard medical care. Defendant also does not claim that the ACJ is failing to follow its protocols or that he himself is infected with Covid-19. Defendant's broad generalizations that prisons "in general" are vulnerable to community spread; that, "as a general matter," correctional facilities frequently lack sufficient medical supplies; that "many correctional facilities" find it challenging to implement preventive measures; and that rapid spread of the virus has occurred in certain state prisons in other states such as Arkansas and New Jersey, do not satisfy the requirements for reconsideration of my original order or otherwise demonstrate "exceptional" or "compelling" circumstances at the ACJ meriting release in Defendant's particular case under 18 U.S.C. §§ 3142(i), 3143(a), or 3145(c).

Although I am sympathetic to Defendant's health conditions and concerns in light of the presence of Covid-19 among other ACJ inmates, speculation concerning possible future conditions does not constitute a compelling or exceptional reason for release. Defendant's situation is similar to many other ACJ inmates, and the ACJ has continued to take adequate precautions to mitigate, minimize, and further prevent the spread of Covid-19.

In short, nothing about the new circumstances of the pandemic at the ACJ impacts my prior decision that Defendant should remain detained. Defendant's new arguments for release, alone or in combination, do not outweigh the factors I considered in March or the factors that Magistrate Judge Mitchell considered in ordering Defendant's detention initially. For all of the above reasons, I decline to reverse my March 24, 2020 Order, and Defendant's Motion for Reconsideration [ECF No. 242] is DENIED.

SO ORDERED, this 19th day of May, 2020:

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

4