IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,                )
                                         )
                    vs.                  )
                                         )          CRIMINAL NO. 18-216-1
DANNY JACKSON,                           )
                                         )
                    Defendant.           )
                                         )
                                         )

AMBROSE, United States Senior District Judge

**<u>MEMORANDUM ORDER</u>**

On July 17, 2018, Defendant was arrested and on July 24, 2018, he waived preliminary

and detention hearings and was ordered to be detained pending trial.  (ECF Nos. 31, 34).  On

August 15, 2018, Defendant was indicted and charged with conspiracy to possess with intent to

distribute and distribute five kilograms or more of cocaine in violation of 21 U.S.C. §846 and

possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C.

§841(a)(1), 841(b)(1)(A)(ii).  (ECF No. 35).  The Indictment was superseded on September 26,

2018.[1]  (ECF No. 75).  On October 1, 2018, Defendant was ordered to be detained pending trial

on the Superseding Indictment.  (ECF No. 89).  In ordering detention, Magistrate Judge Mitchell

cited the following factors:

    1)  Probable cause based on indictment and testimony presented here including recovery
        of over 5kg of cocaine and large sum of case
    2)  Strong likelihood of convictio[n]
    3)  Conviction requires lengthy mandatory minimum sentence of 20 years
    4)  Previously committed offenses while on supervision
    5)  Defendant has extensive criminal record including drug convictions

*Id*. at 3.

---

[1] The Superseding Indictment added a third, newly-charged co-conspirator to the conspiracy.  (ECF No.
75).  The charges against Defendant remained the same.  *Id.*

One year later, on October 1, 2019, Defendant entered a plea of guilty as to Counts 1s and 2s of the Superseding Indictment.  (ECF No. 190).  In the plea agreement, the parties agreed to and recommended a ten (10) year sentence of imprisonment pursuant to Rule 11(c)(1)(C). (ECF No. 274, p. 5).

On March 21, 2020, Defendant filed an Application for Emergent Release on Conditions at the Allegheny County Jail due to the COVID-19 pandemic.   (ECF No. 233).  The motion was denied on March 24, 2020, stating:

> In short and in sum, although Defendant's health conditions rightfully are of concern, and the COVID-19 pandemic is, as the Government describes, extraordinary, these factors do not outweigh the factors discussed above and considered initially by Magistrate Judge Mitchell in ordering that Defendant continue to be detained.  Accordingly, I find that detention remains warranted and that Defendant's Application for Emergent Release on Conditions [(ECF No. 233] is DENIED.

(ECF No. 237).  On May 1, 2020, Defendant filed a Motion for Reconsideration.  (ECF No. 242). The Order denying the Motion for Reconsideration, stated, in part:

> Defendant's new arguments for release, alone or in combination, do not outweigh the factors I considered in March or the factors that Magistrate Judge Mitchell considered in ordering Defendant's detention initially.

(ECF No. 248).

On July 8, 2020, Defendant was sentenced to ten (10) years of incarceration at each of Counts 1s and 2s of the Superseding Indictment to be served concurrently followed by and five (5) years of supervised release at each of Counts 1s and 2s to be served concurrently.  (ECF No. 261).

On August 28, 2020, Defendant filed another Motion for Compassionate Release.  (ECF No. 274).  At that time Defendant was being housed at NEOCC managed by Core Civic, and has not yet been designated to a facility at the Federal Bureau of Prisons ("BOP").   (ECF No. 247, p. 6).  On September 11, 2020, this Court considered the full merits of the case again and again denied Defendant's Motion. (ECF No. 279).

> Based on the above, I am unable to conclude that Defendant's current health condition rises to an "extraordinary and compelling" level.  Therefore, I find that Defendant's asthma is not an  "extraordinary and compelling reason" for release under 18 U.S.C. §3582(c)(1)(A)(i).  As such, compassionate release on this ground is denied.
>
> Even if "extraordinary and compelling" reasons existed, I would still find that release would not be appropriate.

*Id.* at p. 6.

Defendant was then transferred from NEOCC to the BOP facility at FCI Schuylkill.  *See,* https://www.bop.gov/inmateloc/.  On November 24, 2020, Defendant filed a *pro se* Supplemental Request for Compassionate Release based on the exact same medical conditions of asthma and allergies.  (ECF No. 282).  On December 1, 2020, after a full consideration of the merits, this Court denied Defendant's Supplemental Request for Compassionate Release.   (ECF No. 285).

Presently, *pro se* Defendant filed additional documents evidencing a Request for Administrative Remedy (dated November 9, 2020), a new denial by the warden at FCI Schuylkill (dated November 19, 2020), and a Regional Administrative Remedy Appeal (dated November 24, 2020).  (ECF No. 286).  Other than said documents, there is no pending motion before this Court. To the extent that Defendant is seeking reconsideration of this Court's December 1, 2020 ruling, such request is denied.  As a general matter, motions for reconsideration are to be granted sparingly, due to the interest in finality of judgments.  *Sec'y United States Dep't of Labor v. Koresko*, 726 F. App'x 127, 131–32 (3d Cir. 2018), *cert. denied sub nom. Koresko v. Acosta*, 139 S. Ct. 926, 202 L. Ed. 2d 654 (2019).   "A defendant may move for reconsideration of a court's order, but '[t]he standard  for granting such a motion is strict....' Motions for reconsideration may be granted only 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.*  (citations omitted).  Defendant has presented no new medical records or newly discovered evidence to warrant reconsideration.  (ECF No. 286).

As I have previously stated, The Court acknowledges Defendant's concerns about the COVID-19.  "[I]t is difficult to overstate the severity of the COVID-19 outbreak and the global crisis

that society is facing in light of this unprecedented public health crisis." *U.S. v. Catanzarite*, 2020 WL 2786927, *3 (D.N.J. May 29, 2020).   However, Defendant's most recent filing (ECF No. 286) does not alter any of the conclusions reached in this Court's December 1, 2020 Order.

THEREFORE, this 16th day of December, 2020, it is so ORDERED.

BY THE COURT:

Donetta W. Ambrose
United States Senior District Judge